is probable cause to believe that he has committed an offense.

In the case of Ex parte Garner, 93 Tex.Cr.R. 179, 246 S.W. 371, which is cited and relied upon by the appellant, the court, in applying the provisions of art. 157, supra., held that a prisoner was not entitled to his release in a habeas corpus hearing because of the defective commitment issued in the Justice Court.

The Garner case was reversed because of the insufficiency of the evidence presented at the habeas corpus hearing and on this point is different from the case at bar, but is controlling as to the law.

Appellant next insists that the evidence is insufficient to support the order requiring that he enter into a peace bond. Briefly, the record shows that for a number of years, appellant and the complainant, Griffin, had been in dispute as to the latter's right to use a road across the appellant's land. There is evidence that appellant, in a conversation with one, O. T. Bandy, about the complainant and a man by the name of Hunt using the road, stated: "Well, I am going to stop them sons of bitches from coming out this way if I have to kill them," and that the complainant had been informed of such statement. The complainant testified that on an occasion when he was traveling the road in front of the appellant's house, he came out, stopped him and said: "God damn you, I will kill you for getting on this road"; that he was then attacked by the appellant and his wife, and that during such attack he received a broken leg and was knocked unconscious, and that when he came to, appellant had him around the neck and they were saying: "Kill him, God damn him, beat him to death, kill him." The complainant further testified that on one occasion when he was using the road appellant had "taken a shotgun to him," and that he thought appellant would carry out the threats made to kill him.

Appellant denied having made any threats to kill or do serious bodily injury to the complainant.

 Under the testimony the court was warranted in finding that appellant had seriously threatened to kill the complainant and ordering him placed under a peace bond in the amount of $750.

The judgment entered at the habeas corpus hearing on the 26th day of July, 1955, remands appellant to the custody of the sheriff until he has executed the bond or until the expiration of one year from the date of the hearing. Article 85, V.A.C.C.P., provides that upon the failure to give bond the defendant shall be committed to jail for one year from the date of the first order requiring the bond. The record reflects that the order entered in the Justice Court requiring bond of the appellant was dated July 5, 1955, and therefore, the judgment entered in the District Court is reformed so as to provide that appellant is committed to the custody of the sheriff for a period of one year from July 5, 1955, upon his failure to execute the bond required in the order.

The judgment, as reformed, is affirmed.

Opinion approved by the Court.

**Clifford ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 27910.

Court of Criminal Appeals of Texas.

Jan. 4, 1956.

No appearance for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

Upon his plea of guilty, appellant was convicted for two violations of the liquor law. Punishment was assessed at $100 for each offense.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review. The judgment is affirmed.